NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JENNIFER MARIE JONES-ESPOSITO, *Plaintiff/Appellant*,

*v.*

WILMA JEAN BISHOP, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0434
FILED 6-17-2021

Appeal from the Superior Court in Mohave County
No. S8015CV201900450
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Jennifer Marie Jones-Esposito, Kingman
*Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Michele Molinario, Derek R. Graffious, Justin M. Ackerman
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

**B A I L E Y**, Judge:

¶1          Jennifer Marie Jones-Esposito appeals the superior court's dismissal with prejudice of her complaint against Wilma Jean Bishop.[1]  We affirm because Jones-Esposito's claim against Bishop is governed by A.R.S. § 12-821.01(A) and statutorily barred.

## FACTS AND PROCEDURAL HISTORY

¶2          A Mohave County animal control employee, Monique Cunnius, issued two criminal misdemeanor citations to Jones-Esposito for which associated criminal charges were filed and eventually dismissed. Jones-Esposito filed a complaint alleging Cunnius trespassed and issued the citations as part of a coordinated effort with Bishop, an elected member of the Mohave County Board of Supervisors, to harass and intimidate her.

¶3          Jones-Esposito attempted to serve a notice of claim on Cunnius, Mohave County, and Bishop. *See* A.R.S. § 12-821.01(A); Ariz. R. Civ. P. 4.1.  Jones-Esposito addressed the notice to "Mohave County, and Supervisor Wilma 'Jean' Bishop, via Clerk of the Board," and at the top of the notice stated the method of delivery was "via third party & email."

¶4          The notice alleged that because Jones-Esposito initiated recall proceedings against Bishop, she encouraged Cunnius to trespass on Jones-Esposito's property by posting a comment to a social media account she used to communicate county business to her constituents.  The notice summarized that "the actions of the above[-]named County officials were retaliatory" and "use[d] County resources to influence the outcome of an election."

¶5          Jones-Esposito's complaint expressly incorporated the notice of claim and alleged that Bishop aided and abetted Cunnius in trespassing on Jones-Esposito's property and issuing the criminal citations.

¶6          The court dismissed with prejudice the claims against Cunnius because Jones-Esposito did not properly serve the notice of claim as required by § 12-821.01(A) and Rule 4.1.  Jones-Esposito did not appeal that judgment. *See* Ariz. R. Civ. P. 54(b).

---

[1] The complaint alleges Dan Cofer Bishop is liable as Bishop's husband. We refer to the Bishops as "Bishop" and "she/her."

**¶7**        The court also granted Bishop's Rule 12(b)(6) motion to dismiss based on the same defect in service. The court determined the allegations against Bishop related to her conduct as a public employee, and thus, A.R.S. § 12-821.01(A) applied. *See* A.R.S. §§ 12-820(1), (6) (defining "employee" and "public employee"); -821.01(A) (requiring notice of claim is filed); 11-401 (officers); Ariz. R. Civ. P. 4.1(d) (listing three methods to effectuate service on an individual).

**¶8**        The court then granted Mohave County's motion for a judgment on the pleadings because Jones-Esposito alleged it was liable based only on respondeat superior for the acts of its employees, Cunnius and Bishop. The court entered a final Rule 54(b) judgment on July 16, 2020.

**¶9**        The next day, the court signed a final Rule 54(b) judgment dismissing with prejudice Jones-Esposito's claim against Bishop. Jones-Esposito timely filed a notice of appeal only from this judgment.

**¶10**        We have jurisdiction over Jones-Esposito's timely appeal from the final judgment filed July 21, 2020, pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶11**        Jones-Esposito argues that the court erred by finding the claim against Bishop related to her acts as a public official and dismissing based on Jones-Esposito's failure to properly serve the notice of claim. She contends that a notice of claim was not required because Bishop "was sued only in her individual capacity."

**¶12**        We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7 (2012). "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law [] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (alteration in original) (internal quotation marks and citation omitted); *id.* at ¶ 9 ("assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences . . . but mere conclusory statements are insufficient").

**¶13**        Section 12-821.01(A) requires a plaintiff to serve a public employee with a notice of claim as provided in Rule 4.1 within 180 days of the claim accruing. Otherwise, the claim "is barred and no action may be maintained." A.R.S. § 12-821.01(A).

¶14 Here, the record belies Jones-Esposito's contentions that her notice of claim referenced Bishop's official title only out of "respect," and that her attempt to serve the notice on Bishop was mere courtesy. The notice of claim alleged Bishop intentionally damaged Jones-Esposito's reputation when she encouraged Cunnius' trespass by posting to social media as "District 4 Supervisor Wilma 'Jean' Bishop" on an account used to communicate county business to constituents. Jones-Esposito addressed the notice to "Supervisor Wilma 'Jean' Bishop," and delivered it "via third party & email" to the Clerk of the Mohave County Board of Supervisors. But this does not comply with § 12-821.01(A) and Rule 4.1, and Jones-Esposito does not dispute that service on Bishop was defective. *See* Ariz. R. Civ. P. 4.1(d) (providing that service on an individual may be made by either serving the individual personally, or serving the individual's agent, or serving someone of suitable age at the individual's home address). Further, Jones-Esposito expressly incorporated the notice of claim into her complaint and the complaint did not otherwise allege that Bishop acted solely in her personal capacity. Instead, the complaint alleged Cunnius, a county employee, acted at the "instigation and encouragement of Bishop," which resulted in trespass, criminal citations, and damage to Jones-Esposito's reputation.

¶15 We agree with the superior court that Jones-Esposito's allegations against Bishop related only to Bishop's conduct as a public employee or officer. Therefore, A.R.S. § 12-821.01 governs and requires a notice of claim. *See* A.R.S. §§ 12-820(1), (6) (defining "employee" and "public employee"); 11-401 (officers). Because Jones-Esposito's claim against Bishop is statutorily barred under § 12-821.01(A), the court properly dismissed the allegations against her with prejudice. *See* Ariz. R. Civ. P. 12(b)(6).

## CONCLUSION

¶16 For the reasons stated, we affirm.

